|,TERRI F. LOVE, Judge.
McKinley L. Abram was convicted of simple burglary on May 7, 1998. He was sentenced as a fourth felony offender under La. R.S. 15:529.1 to life imprisonment without benefit of parole, probation, or suspension of sentence after a hearing on February 9, 1999. He appealed, and in an unpublished opinion, this Court affirmed his conviction and adjudication as a fourth felony offender but vacated his sentence and remanded the case for resentencing. State v. Abram, 00-0413 (La.App. 4 Cir. 2/28/01), 786 So.2d 984.
At his resentencing on March 27, 2001, even though the defendant’s adjudication as a fourth felony offender was not at issue, the defense attorney, noting that this Court had recently handed down State v. Everett, 99-1863 (La.App. 4 Cir. 9/27/00), 770 So.2d 466, argued that under *1019 Everett the defendant should not be sentenced as a fourth felony offender. The defense attorney also stated that the defendant might need more time before sentencing in order to research the dates of his release from prison. The judge looked at the record and determined that the ten-year cleansing period was long enough to link the offenses, and he also noted that Everett was on writs to the Supreme Court. The defendant hwas then sentenced as a fourth felony offender to thirty years at hard labor. The defense objected to the ruling that the defendant was a quadruple offender. On appeal the defendant argues that the trial court erred in sentencing him as a fourth felony offender because the state did not prove that the cleansing period had elapsed between the convictions.
McKinley Abram has four felony convictions: possession of talwin in violation of La. R.S. 40:969 in 1980; burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 in 1981; distribution of a false drug in violation of La. R.S. 40:971.1 in 1991; and the most recent, simple burglary of an auto in violation of La. R.S. 14:62 in 1998. He now argues that the five-year cleansing period in effect in 1991 had elapsed between his release from his 1981 imprisonment and his 1991 offense.
The defendant points out that in 1991 Section C of the Habitual Offender Statute provided:
This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without of the state, shall not be included in the computation of any said five-year periods.
The defendant’s second felony occurred in 1981; he was sentenced on September 11, 1981 to serve six years in the Department of Corrections. He was released on March 22, 1985. Abram was arrested for distribution of false drugs on September 26, 1990. Thus, five and one-half years elapsed between the time he was released from prison and his next offense.
IsThe trial court did not accept the defendant’s reasoning that the appropriate cleansing period was that of 1990, the time of the next offense. The court held instead that the proper cleansing period was that existing at the time of the instant multiple bill proceeding, and the period in 2001 was ten years. Because ten years had not elapsed between his 1985 release from prison and his 1990 offense, the defendant could be sentenced as a fourth felony offender.
The Louisiana Supreme Court addressed a similar issue in State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446, and found that the change in the cleansing period of the DWI statute, La. R.S. 14:98, did not violate the ex post facto clause. In Rolen the defendant’s first conviction occurred on April 3, 1985. In 1993 the cleansing period for repeat offender prosecutions under La. R.S. 14:98 was doubled from five to ten years. On March 27, 1994, the defendant was arrested for a second DWI. The Supreme Court reasoned that the 1985 offense had not been cleansed because the law changed prior to defendant’s second offense, and thus, he had been put on notice that the statutory definition of “prior offense” had been changed, and he could no longer rely on the five year cleansing period to keep him from being sentenced as a multiple offender should he be charged again with DWI.
*1020 The defendant bases his argument on State v. Everett, 99-1863 (La.App. 4 Cir. 9/27/00), 770 So.2d 466, where a defendant, convicted in 1999 of aggravated battery, had a conviction in 1993 for felony theft and a 1984 conviction for possession of a firearm by a felon. On appeal, he argued that the 1984 conviction could not be used to adjudicate him a third offender because the application of the ten-year cleansing period violated the ex post facto clause. He argued that at the time of the 1993 conviction, the 1984 conviction had been cleansed. He asserted that he could not have been multiple billed at that time, since the 1984 conviction [4could not be revived by the 1995 increase in the cleansing period to be used in the 1999 multiple bill proceeding. This court distinguished Rolen, stating:
Rolen ... was put on notice of the expanded cleansing period before he committed his second DWI offense. After the law changed, he was presumed to know that he would not be treated as a first offender if he committed a second DWI offense five years and a day after his first offense. He now had to wait 10 years and a day. Although Rolen received notice of the change in the law more than five years after the first offense, the notice was timely for him to conform his conduct when the cleansing period was expanded to 10 years.
In this case, Everett conformed his conduct to the then existing cleansing period. He waited more than five years before he committed his second felony offense. Everett’s case is thus critically different from the defendant in Rolen. For, at the time he committed the second (the 1993) offense, Everett “had [not] been placed on notice by the state that [the cleansing period] had changed” and that “he could no longer rely on the five-year cleansing period to abate the collateral consequences of his prior [the 1983] offense for any future violation.” In this case, “[t]he Ex Post Facto Clause required ... more.” Ro-len, supra. In effect, Everett had complied with the Habitual Offender Law in effect at that time.
Under these facts, using an extended cleansing period, enacted after the prior offenses (i.e. ex post facto), to link said prior offenses would violate the ex post facto clause.
State v. Everett, 99-1963 at pp. 19-20, 770 So.2d at 476-477 (emphasis supplied). This court then held that although the 1993 plea could be used, the 1984 plea could not be used. This court vacated the third offender adjudication and sentence and remanded the case for resentencing of the defendant as a second offender.
This Court followed Everett in State v. Lewis, 00-0524 (La.App. 4 Cir. 3/7/01), 782 So.2d 662, and found that although the defendant’s last prior conviction was subject to the ten-year cleansing period, the earlier prior conviction, |Bwhich had been “cleansed” prior to the commission of the later prior conviction, was not subject to the ten-year cleansing period and thus could not be used to support an adjudication as a third offender.
The situation in the instant case is similar to that in Everett and Lewis. More than five years elapsed between Abram’s release from prison on March 22, 1985 and his arrest for the next felony on September 26, 1990. In Everett and Lewis this Court held that using an extended cleansing period, which was enacted after the prior offenses, to link the prior offenses would violate the ex post facto clause.
Accordingly, the defendant’s adjudication and sentence as a fourth offender is vacated and the matter is remanded to the trial court for resentencing as a second offender.
*1021 SENTENCE VACATED; REMANDED FOR RESENTENCING.
TOBIAS, J., dissents.